Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIL LITTLEJOHN, <br><br> Plaintiff. <br><br> v. <br><br> FINANCIAL CREDIT NETWORK, INC. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;** <br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.;** <br> **3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET. SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

JAMIL LITTLEJOHN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FINANCIAL CREDIT NETWORK, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, California.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9. Defendant is a national debt collection company with its corporate headquarters located at 1300 W. Main Street, Visalia, CA 93291.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c), and contacted Plaintiff in an attempt to collect a debt.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Upon information and belief the debt at issue arose from consumer transactions.

14. Beginning in or around October 2014 and continuing through October 2015, Defendant called Plaintiff on his cellular telephone seeking to collect an alleged consumer debt.

15. Upon information and belief, when contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

16. When Plaintiff answered the telephone an automated message would play before he was transferred to a live agent indicating that Defendant was trying to collect a debt.

17. Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

18. During his initial communication with Defendant, Plaintiff tried to determine what debt Defendant was trying to collect from him, but it was not clear from the communication.

19. When Defendant described the debt, Plaintiff did not recognize the debt and requested information about the debt from Defendant.

20. Plaintiff never received anything in writing from Defendant.

21. Despite providing no information about the debt to Plaintiff, Defendant continued to call Plaintiff.

22. Frustrated by the lack of information and repeated nature of Defendant's calls, in January 2015, Plaintiff told Defendant to stop calling and to remove his number from their calling list.

23. Defendant heard Plaintiff's request, but told him that he had to "pay

this debt."

24. Thereafter, Defendant continued to call.

25. However, once Defendant was aware its calls were unwanted any further calls could only have been for the purpose of harassment.

26. These calls were extremely inconvenient to Plaintiff as they would often occur when he was at work.

27. Plaintiff worked two jobs, one on a production line at a bakery and another job for a marketing company.

28. These calls were extremely disruptive, often causing him to stop what he was doing at work and to take the call.

29. Defendant also placed calls to Plaintiff prior to 8:00am, which was inconvenient to Plaintiff.

30. Defendant never had consent from Plaintiff to call Plaintiff's cellular telephone number as Plaintiff has never done business with Defendant.

31. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

32. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff, when it called during times that were not convenient for Plaintiff, and when it continued calling Plaintiff's cellular telephone after he explicitly told Defendant to stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

34. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

36. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

37. Defendant violated § 1692f when it continued to call Plaintiff without his consent, when it disrupted him at work, and generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## **DEFENDANT VIOLATED § 1692g OF THE FDCPA**

38. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

## COUNT V
## DEFENDANT VIOLATED §§ 1692c(a)(1) and 1692c(a)(3) OF THE FDCPA

40. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

41. A debt collector violates § 1692c(a)(3) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it communicates with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

42. Defendant violated §§ 1692c(a)(1) and 1692c(a)(3) when it contacted Plaintiff when he was at work and knew he could not receive calls while at work and on that number.

43. Defendant further violated §§ 1692c(a)(1) when it called Plaintiff prior to 8:00am.

## COUNT VI
## DEFENDANT VIOLATED THE TCPA

44. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

45. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

46. Despite the fact that Plaintiff never consented to Defendant placing calls to him Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

47. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

48. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

## COUNT VII
## **DEFENDANT VIOLATED THE RFDCPA**

49. A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

50. Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, JAMIL LITTLEJOHN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f.  Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

g.  Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMIL LITTLEJOHN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12-21-15

KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff