UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09780 JAK (KSx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Jamil Littlejohn v. Financial Credit Network, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (DKT. 43)

**I.   Introduction**

On December 21, 2015, Plaintiff Jamil Littlejohn ("Plaintiff") brought this action against Financial Credit Network Inc. ("Defendant") asserting claims arising out of the collection of an alleged debt. Complaint, Dkt. 1 at 2. The Complaint includes seven counts: (i) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d; (ii) violation of the FDCPA § 1692d(5); (iii) violation of the FDCPA § 1692f; (iv) violation of the FDCPA § 1692g; (v) violation of the FDCPA §§ 1692c(a)(1) and 1692c(a)(3); (vi) violation of the Telephone Consumer Protection Act ("TCPA") § 227(b); and 7) violation of California Civil Code § 1788.17. Plaintiff seeks leave to add a claim for violation of FDCPA § 1692c(a)(2), which prohibits a creditor from communicating or attempting to communicate directly with a consumer whom it knows is represented by counsel. Dkt. 43-1 at 4.

Pursuant to the Scheduling Order entered in this action, the last day to amend or add parties was April 29, 2016. Dkt. 16 at 1. The non-expert discovery cut-off was August 29, 2016. *Id.* On September 12, 2016, Plaintiff filed a Motion for Leave to Amend the Complaint ("Motion"). Dkt. 43. Defendant filed an opposition to the Motion on October 17, 2016. Dkt. 45. Plaintiff replied on October 24, 2016. Dkt. 46. Because this matter was deemed suitable for decision without a hearing pursuant to Local Rule 7-15, it was taken under submission. Dkt. 48.

**II.  Factual Background**

The Complaint alleges that from October 2014 through October 2015, Defendant used an automatic telephone dialing system to contact Plaintiff on his cellular telephone in an effort to collect an alleged consumer debt. Complaint ¶¶ 14-15. Each time that Plaintiff answered the phone an automated message would play before Plaintiff was transferred to an agent with whom he could converse. Complaint ¶ 16.

The first time Defendant contacted Plaintiff about the alleged, unpaid debt, Plaintiff contends that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09780 JAK (KSx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Jamil Littlejohn v. Financial Credit Network, Inc. | | |

asked Defendant to identify it. *Id*. ¶ 18. Defendant's representative responded, but Plaintiff did not recognize the claimed debt. As a result, Plaintiff requested that Defendant provide additional information about it. *Id*. ¶ 19. Plaintiff alleges that Defendant did not provide the requested information, but continued to call him about the claimed, unpaid debt. *Id*. ¶¶ 20-21.

In January 2015, Plaintiff spoke to Defendant and requested that he be removed from its call list. *Id*. ¶ 22. Defendant allegedly ignored the request and continued to call Plaintiff at inconvenient hours of the day, sometimes before 8 a.m. and often while he was at work. *Id*. ¶ 25-29.

In support of the Motion, Plaintiff contends that his counsel sent Defendant a cease and desist letter, which was dated October 26, 2015, "instructing Defendant that Plaintiff was represented by counsel," and requesting that Defendant "stop call communication with Plaintiff." Dkt. 43-1 at 3; Dkt. 46-2. Plaintiff states that his counsel learned during discovery that the letter was received and reviewed by Defendant on October 26, 2015. Dkt. 43-1 at 3. On August 23, 2016, Defendant produced "account notes" as part of the discovery process that showed that Defendant made calls to Plaintiff after its receipt of the October 26, 2015 letter. Dkt. 43-1 at 3, 46-3 at 1.

**III.   Analysis**

   **A.   Legal Standard**

A request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Fed. R. Civ. P. 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir.1992). Pursuant to Rule 16(b), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If good cause is shown, the party must then demonstrate that amendment was proper under Rule 15. *Johnson*, 975 F.2d at 608.

The good cause standard "primarily considers the diligence of the party seeking the amendment" and the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. Furthermore, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (internal citation omitted).

   **B.   Discussion**

The Motion was filed on September 12, 2016. This was more than four months after the April 29, 2016, deadline to amend the operative complaint or add parties. Dkt. 16 at 1. Plaintiff argues that the he did not obtain the evidence necessary to seek relief under § 1692c(a)(2) until August 23, 2016. This was less than a week before the discovery cut-off.

As Defendant notes, the cease and desist letter in question (Dkt. 46-2) was sent by Plaintiff's counsel to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-09780 JAK (KSx) | Date | January 4, 2017 |
| Title | Jamil Littlejohn v. Financial Credit Network, Inc. | | |

Defendant on October 26, 2015. This was approximately five weeks before the Complaint was filed. Dkt. 45 at 2. Counsel sent the letter by certified mail. Consequently, Counsel could have determined that Defendant received it on October 26, 2015. Dkt. 46-2 at 1-3. Defendant argues that because Plaintiffs' Counsel sent the letter, "[t]hey have always known that the letter was sent and that [Defendant] called plaintiff after the letter was sent." Dkt. 45 at 3.

Plaintiff argues that, although he knew that the letter was sent on October 26, 2016, he was not aware until discovery that he had received phone calls from Defendant after that date. Dkt. 46 at 4. The "account notes" show that Defendant called Plaintiff twice on October 27, 2015. Dkt. 46-3 at 5. Specifically, they show that Defendant contacted Plaintiff at the following telephone numbers: (323) 915-8044 and (310) 719-9503. Defendant left a message during the call to the first of these numbers. *Id.* Defendant also called Plaintiff at both numbers on November 2, 2015, but Defendant's records indicate that there was no answer on either line. *Id.*[1] No evidence has been presented that the phone calls from Defendant were made from a specific number or that Plaintiff could have recognized the caller. Although the "account notes" show that a message was left at the (323) 915-8044 number, the notes also indicate that number was found to be invalid on November 2, 2015. *Id.* Thus, Plaintiff may have been unable to retrieve that message.

Plaintiff's explanation that he was not aware that he had received calls from Defendant until after he received the "account notes" is plausible and is sufficient to show "good cause" under Rule 16(b). *See Johnson*, 975 F.2d at 608; *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (in evaluating undue delay, courts inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading").

Defendant also argues that it would be prejudiced if the Motion is granted because it will be required to conduct additional discovery, including depositions of Plaintiff's counsel. Dkt. 45 at 3. Specifically, Defendant notes that the cease and desist letter sent by Plaintiff's counsel misspelled Plaintiff's name -- "Jameel Littlejohn" -- and did not provide any other identifying information, such as his Social Security number or an account number. Defendant argues that if amendment were allowed it would have to conduct discovery "regarding the purpose of the letter and the drafting of the letter." *Id.* at 2.

"A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999)). However, the inquiry "primarily considers the diligence of the party seeking the amendment." *Id.* at 1294. For the reasons stated above, Plaintiff has shown that he could be deemed to have acted diligently to preserve his rights notwithstanding that he claims to have first learned that Defendant violated FDCPA § 1692c(a)(2) well after the deadline for amendment. Further, there is no showing that the amendment would impose any undue prejudice on Defendant so long as it is permitted to pursue some limited discovery.

---

[1] In addition, there appear to have been 11 unanswered calls made to (310) 719-9503 between December 2, 2015 and December 28, 2015. Dkt. 46-3 at 5. There is no evidence presented as to whether Plaintiff was aware of these calls.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-09780 JAK (KSx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Jamil Littlejohn v. Financial Credit Network, Inc. | | |

Therefore, although the amendment will be permitted, in order to avoid prejudice to Defendant, discovery will be reopened for a limited purpose. Thus, Defendant may pursue appropriate, focused discovery as to the cease and desist letter. Specifically, Defendant may depose Plaintiff's counsel and call for the production of relevant documents at or before the deposition. The deposition shall not exceed 2.5 hours assuming that the production of any documents was made at least 48 hours prior to the time set for the deposition. If some or all of the documents are not produced until the time of the deposition, Defendant's counsel shall have a reasonable amount of time to review them before commencing the deposition. The parties are encouraged to work collaboratively on the production of the documents, e.g., have them produced prior to the day of the deposition, in order to expedite the deposition process. The deposition shall proceed in the Central District; provided, however, the parties may agree to have the deposition by videoconference.

### IV.     Conclusion

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff shall file his Amended Complaint on or before January 5, 2017. Any associated changes to the parties' pretrial disclosures as well as an amended answer shall be filed on or before January 9, 2017. The Final Pretrial Conference will proceed on January 23, 2017, with a new trial date selected in the event that the aforementioned discovery cannot be concluded prior to the current trial date. The parties shall also be prepared to discuss what settlement efforts may be appropriate.

**IT IS SO ORDERED.**

:

Initials of Preparer   ak