**EXHIBIT A**

Mark E. Ellis - 127159
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendant
FINANCIAL CREDIT NETWORK, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIL LITTLEJOHN,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL CREDIT NETWORK, INC.,<br><br>Defendant. | Case No.: 2:15-cv-09780-JAK-KS<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pre-Trial Date: January 23, 2017<br>Time: 3:00 p.m.<br>Courtroom: 10B<br>Trial Date: January 31, 2016<br><br>HON. JOHN A. KRONSTADT |

- 1 -

# TABLE OF CONTENTS

1.  THE PARTIES ......................................................................................... 3

2.  VENUE AND JURISDICTION ............................................................. 3

3.  TRIAL ESTIMATE ................................................................................ 4

4.  JURY TRIAL .......................................................................................... 4

5.  ADMITTED FACTS ............................................................................... 4

6.  STIPULATED FACTS ........................................................................... 5

7.  CLAIMS AND DEFENSES OF THE PARTIES .................................. 5

    Plaintiff .................................................................................................... 5

    Defendant ............................................................................................... 10

8.  ISSUES TO BE TRIED ........................................................................ 12

9.  DISCOVERY ........................................................................................ 14

10. PRETRIAL DISCLOSURES AND EXHIBITS ................................. 14

11. WITNESSES ........................................................................................ 14

12. PENDING MATTERS ......................................................................... 15

13. BIFURCATION ................................................................................... 15

14. PRETRIAL ORDER ............................................................................ 15

Following pretrial proceedings, pursuant to F.R.Civ. P. 16 and L.R. 16, IT IS ORDERED:

## 1. THE PARTIES

The parties are:

    a.    Jamil Littlejohn, Plaintiff

    b.    Financial Credit Network, Defendant

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise issues are:

    a.    Plaintiff's First Amended Complaint

However, plaintiff has withdrawn his claims under Section 1692g, 1692c(a)(1) and 1692c(a)(3) and will not be pursuing those claims at trial.

    b.    Defendant's Answer to the First Amended Complaint

## 2. VENUE AND JURISDICTION

Federal jurisdiction and venue are invoked upon the grounds:

Jurisdiction of this court arises pursuant to: (1) 28 U.S.C. § 1331, granting this court original jurisdiction of all civil actions arising under the laws of the United States (TCPA and FDCPA claims); (2) 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," (FDCPA claims); and

- 3 -

(3) 28 U.S.C. §1367 providing for supplemental jurisdiction over non-federal claims that are part of the same case or controversy (Rosenthal Act claims). Defendant conducts business in the State of California and therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to Plaintiff's claims in his Complaint occurred in California.

3. **TRIAL ESTIMATE**

The trial is estimated to take 3 trial days.

4. **JURY TRIAL**

The trial is to be a jury trial.

By January 9, 2017, the parties shall lodge and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) and special questions requested to be asked on voir dire.

5. **ADMITTED FACTS**

The following facts are admitted and require no proof:

1) Defendant is a debt collector.

2) Plaintiff is a consumer.

3) Defendant attempted to collect a consumer debt from plaintiff.

4) Plaintiff provided his cellular telephone number 323-915-8044 to Park Water Co.

/ / /

/ / /

5) Defendant was referred plaintiff's Park Water Co. account for collection purposes and was acting as the collection agent for Park Water Co. when it placed calls to the number 323-915-8044.

6) Plaintiff was the intended recipient of defendant's calls to the number 323-915-8044.

7) The number 323-915-8044 was assigned to a cellular telephone used by plaintiff during the relevant times.

## 6. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

None.

## 7. CLAIMS AND DEFENSES OF THE PARTIES

Plaintiff:

    a.    Plaintiff plans to pursue the following claims against Defendant:

1. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded voice.

2. Defendant violated § 1692c(a)(2) of the Fair Debt Collection Practices Act by communicating directly with plaintiff after defendant was aware that plaintiff was represented by counsel with respect to the debt.

///

- 5 -

3. Defendant violated §1692d of the Fair Debt Collection Practices Act by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

4. Defendant violated §1692d(5) of the Fair Debt Collection Practices Act by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff by calling Plaintiff multiple times.

5. Defendant violated §1692f of the Fair Debt Collection Practices Act by using unfair and unconscionable means to collect a debt.

6. Defendant violated the Rosenthal Act, Cal Civ. Code §1788.17, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt and causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff by calling Plaintiff multiple times.

  b. The elements required to establish Plaintiff's claims are:

1. To establish Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) Plaintiff must establish: (1) Defendant called a cellular telephone; (2) Plaintiff was the intended recipient of Defendant's calls or the owner or primary user of the phone (the "called party"); and (3) an automatic telephone dialing system or prerecorded voice was used.

2. To establish Defendant violated 15 U.S.C. § 1692c(a)(2), Plaintiff must prove: (1) Defendant knew that Plaintiff was represented by an attorney with

- 6 -

respect to such debt; (2) Defendant had knowledge of, or could readily ascertain, such attorney's name and address; and (3) Defendant communicated with Plaintiff directly after knowing that Plaintiff was represented.

3. To establish Defendant violated 15 U.S.C. §1692d, Plaintiff must establish: (1) Plaintiff owes a consumer debt; (2) Defendant is a debt collector; and (3) Defendant's collectors engaged in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff.

4. To establish Defendant violated 15 U.S.C. §1692d(5), Plaintiff must establish: (1) Plaintiff owes a consumer debt; (2) Defendant is a debt collector; and (3) Defendant's collectors caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

5. To establish Defendant violated 15 U.S.C. §1692f, Plaintiff must establish: (1) Plaintiff owes a consumer debt; (2) Defendant is a debt collector; and (3) Defendant's collectors used unfair and unconscionable means to attempt to collect a debt from Plaintiff.

    c. In brief, the key evidence Plaintiff relies on for each of the claims is:

1. To establish Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) Plaintiff will rely on the following evidence: (1) Stipulation of the parties that Plaintiff's telephone number is for a cellular telephone and Plaintiff's testimony; (2) stipulation of the parties that Plaintiff was the intended recipient of calls and

- 7 -

Plaintiff's testimony that he is the owner and regular user of the cellular telephone; and (3) testimony of Defendant's corporate representative as to its telephone dialing system and Defendant's account notes.

2. To establish Defendant violated 15 U.S.C. §1692c(a)(2), Plaintiff will rely on the following evidence: (1) Plaintiff's counsel's letter of representation; (2) Defendant's account notes; and (3) Plaintiff's testimony regarding the calls he received from Defendant.

3. To establish Defendant violated 15 U.S.C. §1692d, Plaintiff will rely on the following evidence: (1) Stipulation of the parties that the debt in this case is a "debt" under the FDCPA and Plaintiff's testimony that the debt arose from transactions primarily for personal, family or household purposes; (2) stipulation of the parties that Defendant is a "debt collector" and acted as such in this case and testimony from Plaintiff that the debt in this case is a Park Water Company account; and (3) Plaintiff's testimony that Defendant's collectors engaged in conduct the natural consequent of which is to harass, oppress, and abuse the him.

4. To establish Defendant violated 15 U.S.C. §1692d(5), Plaintiff will rely on the following evidence: (1) Stipulation of the parties that the debt in this case is a "debt" under the FDCPA and Plaintiff's testimony that the debt arose from transactions primarily for personal, family or household purposes; (2) stipulation of the parties that Defendant is a "debt collector" and acted as such in this case and testimony from Plaintiff that the debt in this case is a Park Water Company

- 8 -

account; and (3) Plaintiff's testimony that Defendant's collectors caused his cellular telephone to ring repeatedly and continuously even after he told them to stop calling and with the call pattern demonstrating an intent to harass, abuse and annoy him.

    5. To establish Defendant violated 15 U.S.C. §1692f, Plaintiff will rely on the following evidence: (1) Stipulation of the parties that the debt in this case is a "debt" under the FDCPA and Plaintiff's testimony that the debt arose from transactions primarily for personal, family or household purposes; (2) stipulation of the parties that Defendant is a "debt collector" and acted as such in this case and testimony from Plaintiff that the debt in this case is a Park Water Company account; ; and (3) Plaintiff's testimony that Defendant's means to collect this debt were unconscionable and unfair.

    d. In brief, the key evidence Plaintiff relies on to defend against Defendant's affirmative defenses is:

    1. To counter Defendant's affirmative defense of "prior express consent" to call under 47 U.S.C. §227(b)(1)(A)(iii) Plaintiff will rely on the following evidence: (1) Testimony of Plaintiff that when he provided his cellular telephone number to Park Water Company it was in regard to emergency service and not as part of the transaction resulting in the debt at issue in this case; (2) testimony of the Plaintiff that in December 2014 he told Defendant to stop calling which would serve to revoke consent had it existed; and (3) Defendant's account notes.

<u>Defendant:</u>

    i.   Defendant plans to pursue the following counterclaims and affirmative defenses:

1) Prior Express Consent. FCN had prior express consent to call plaintiff's cellular telephone. Plaintiff admits that he provided his cellular telephone number to the creditor, Park Water Co., in connection with his account. (Response to Request For Admission No. 2.) It was a debt arising from this account that FCN was basis for FCN's calls to plaintiff. As such, FCN, the agent for Park Water Co. had prior express consent to call the number.

2) Bona fide Error. Defendant has no civil liability under the Rosenthal FDCPA, Cal. Civ. Code §§ 1788, *et seq.*, pursuant to Cal. Civ. Code § 1788.30(e) or the federal FDCPA pursuant to 15 U.S.C. § 1692k(c) as any violation was unintentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3) Statute of Limitations. Plaintiff cannot maintain FDCPA or Rosenthal Act claims that occurred prior to December 21, 2014. (15 U.S.C. § 1692k (d); Civil Code § 1788.30(f).)

4)   The elements required to establish Defendant's counterclaims and affirmative defenses are:

    a) Prior Express Consent

- 10 -

1.  Plaintiff provided his cellular telephone number to the creditor in connection with his account.

2   Defendant was attempting to contact plaintiff regarding the account.

### b) Bona Fide Error.

1.  The violation was not intentional
2.  Defendant maintained procedures reasonably adapted to prevent the alleged violation.
3.  The error occurred despite the maintenance of those procedures.

### c) Statute of Limitation

1.  The alleged violation occurred more than one-year prior to the filing of the complaint.

5)  In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

**Prior Express Consent**

Plaintiff admits that he provided his cellular telephone number to the creditor, Park Water Co., in connection with his account. (Response to Request For Admission No. 2.) It was a debt arising from this account that was basis for FCN's calls to plaintiff. As such, FCN, the agent for Park Water Co., had prior express consent to call the number. Additionally, to the extent the plaintiff now asserts that he provided his number for a specific or limited purpose only, defendant will present the

- 11 -

testimony of Maria Wilson from Park Water Co. to rebut plaintiff's assertions.

### Bona Fide Error

Defendant has policies and procedures in place regarding ceasing communication with a debtor. (Cease Communication Policy, Procedure and Work Instruction (Exhibit 11.) Defendant's policies are written policies on which its employees are trained. Further, Defendant audits its collectors to ensure compliance with its policies.

Defendant has policies and procedures in place regarding notice that a consumer is represented by an attorney. (Attorney Contact Policy, Procedure and Work Instruction, Exhibit 13.) Defendant's policies are written policies on which its employees are trained. Further, Defendant audits its employees to ensure compliance with its policies. Here the policy was followed, the attorney information was entered into the account and the consumer's telephone number and address was removed so that no further contact could be made. But due to the deliberately misleading nature of the attorney letter, FCN identified an account for a "Jamil Littlejohn" instead of "Jay Littlejohn" and, thus, placed two calls to plaintiff.

### Statute of Limitations

The complaint was filed on December 21, 2015.

**8. ISSUES TO BE TRIED**

In view of the admitted facts and the elements required to establish the claims, counterclaims, and affirmative defenses, the following issues remain to be tried:

/ / /

a. Whether Defendant's calls to Plaintiff were placed with an automatic telephone dialing system.

b. Whether Plaintiff gave valid "prior express consent" to Defendant.

c. If Plaintiff gave valid "prior express consent", whether he told Defendant to stop calling and revoked that consent.

d. If Plaintiff revoked consent, when consent was revoked.

e. Whether Defendant violated the TCPA.

f. If Defendant violated the TCPA the number of violations.

g. Whether Defendant acted "willfully" or "knowingly" when in violation of the TCPA when it placed calls to Plaintiff.

h. If Defendant intentionally or knowingly violated the TCPA, the number of willful or knowing violations.

i. Whether Defendant violated § 1692c(a)(2) by communicating directly with plaintiff after knowing that plaintiff was represented by counsel with respect to the debt in question.

j. Whether Defendant violated §1692d of the Fair Debt Collection Practices Act by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt;

k. Whether Defendant violated §1692d(5) of the Fair Debt Collection Practices Act by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff by calling Plaintiff multiple times;

- 13 -

l. Whether Defendant violated §1692f of the Fair Debt Collection Practices Act by using unfair and unconscionable means to collect a debt.

m. Whether any violation is excused by the bona fide error defense; and

n. Whether any violation is barred by the statute of limitations.

## 9. DISCOVERY

Defendant has requested available dates for the deposition of plaintiff's counsel (pursuant to the Court's January 4, 2017 order) and is waiting for a response from plaintiff. All other discovery is complete.

## 10. PRETRIAL DISCLOSURES AND EXHIBITS

All disclosures under F.R.Civ.P.26(a)(3) have been made.

The joint exhibits list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agreed that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos.: None

Defendant objects to Exhibit Nos.: None

The objections and grounds therefor are: Not applicable.

## 11. WITNESS LISTS

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose the following depositions shall be lodged with the Clerk as requires by L.R. 32-1: Deposition of Plaintiff Jamil Littlejohn.

## 12.   PENDING MATTERS

The following law and motion matters and motions in limine, and no others, are pending or contemplated:

None

## 13.   BIFURCATION

Bifurcation of the following issues for trial is ordered:

Should Plaintiff prevail on his claims, Plaintiff shall seek his reasonable attorneys' fees and costs by way of motion to this Honorable Court at the conclusion of trial.

## 14.   PRETRIAL ORDER

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

/s/ *Rachel R. Stevens*
Attorney for Plaintiff

/s/ *Amanda N. Griffith*
Attorney for Defendant